O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN L. CALDERON NONBERA,<br>　aka "Juan Calderon" and<br>　"Juan Louis Calderon,"<br><br>　　　　　　Defendant. | Case № 2:19-cr-00725-ODW<br><br>**ORDER GRANTING MOTION TO WITHDRAW ARGUMENT AND MODIFY ORDER [72]; MODIFYING ORDER DENYING MOTION TO DISMISS [71]; AND DENYING MOTION TO DISMISS [74]** |

## I.　　INTRODUCTION & BACKGROUND

Defendant Juan Calderon-Nonbera is an alien who has been officially deported and removed from the United States on at least seven prior occasions: December 19, 2002; July 3, 2003; June 2, 2010; June 27, 2016; February 17, 2019; June 1, 2019; and July 15, 2019. He was initially ordered removed on December 19, 2002, in a group immigration removal proceeding conducted by an Immigration Judge ("IJ"). By 2019, Defendant had reentered the United States without inspection or permission on at least six additional occasions. Each time, he was arrested for various criminal activity, his 2002 removal order was reinstated, and he was again removed. Shortly after his latest removal, on or about August 4, 2019, he was found in the United States again without inspection or permission and the Government charged him with

violating 8 U.S.C. §§ 1326(a) and (b)(2),[1] Illegal Alien Found in the United States Following Deportation. (Indictment 1, ECF No. 1.)

Defendant has moved to dismiss the Indictment twice. (*See* First Mot. Dismiss, ECF No. 20; Second Mot. Dismiss, ECF No. 21.) The Court denied both Motions. (*See* Order Den. First Mot., ECF No. 71; Order Den. Second Mot., ECF No. 70.) The Government now moves to withdraw a jurisdictional argument it made in opposition to Defendant's First Motion and to modify the Court's Order denying that motion. (Mot. Withdraw & Modify, ECF No. 72.) Defendant also moves for the third time to dismiss the Indictment, now on equal protection grounds. (Third Mot. Dismiss, ECF No. 74.) For the reasons that follow, the Court **GRANTS** the Government's Motion to Withdraw and Modify [72], **MODIFIES** the Order denying Defendant's First Motion [71], and **DENIES** Defendant's Third Motion [74].

## II. DISCUSSION

The Court grants the Government's Motion to Withdraw and Modify [72]. Defendant does not oppose withdrawal and the Court has jurisdiction to consider Defendant's collateral attack on the 2002 removal order, which serves as a predicate element for the illegal reentry offense. 8 U.S.C. § 1326(d); *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1620 (2021). The Court denies Defendant's First Motion on other grounds and therefore modifies the Court's prior Order [71], as discussed below.

The Court denies Defendant's First Motion [20], made pursuant to § 1326(d), on the grounds that Defendant has not satisfied the mandatory elements of § 1326(d) nor shown that his removal was fundamentally unfair. Under § 1326(d), a defendant charged with unlawful reentry may not collaterally attack the underlying removal order unless they demonstrate: (1) they have exhausted any administrative remedies, (2) they were deprived an opportunity for judicial review, and (3) "the entry of the order was fundamentally unfair." The Supreme Court recently held that each of these

---

[1] All subsequent statutory citations refer to Title 8 of the United States Code, unless otherwise noted.

statutory requirements is mandatory. *Palomar-Santiago*, 141 S. Ct. at 1621–22. As Defendant argues only that his 2002 removal order was fundamentally unfair under § 1326(d)(3), he has not demonstrated exhaustion or deprivation of judicial review and therefore may not now collaterally attack the 2002 removal order. *See id.*

Defendant contends Ninth Circuit precedent has established an "exhaustion excusal rule" that excuses compliance with the first two elements in certain circumstances when removal is shown to be fundamentally unfair. (Reply ISO First Mot. 8–12, ECF No. 38.) He argues that *Palomar-Santiago* did not touch this precedent. (*Id.*) Although the Ninth Circuit has recognized that *Palomar-Santiago* "casts doubt on the continued vitality" of the exhaustion excusal rule, it has so far declined to address the question directly. *See United States v. Bastide-Hernandez*, 3 F.4th 1193, 1197 (9th Cir. 2021). In any event, the Court need not resolve the effect of *Palomar-Santiago* here because, even assuming Defendant is correct and the Ninth Circuit's exhaustion excusal rule somehow survives *Palomar-Santiago*, Defendant has not demonstrated that his removal was fundamentally unfair.

First, the record does not reflect that Defendant was deprived of a pro bono legal services list. At the group removal proceeding, the IJ asked anyone who had not received the list to raise their hand and Defendant, who "speak[s] English with a native fluency," (First Mot. 2), did not raise his hand. Second, the record does not reflect that Defendant was deprived of a meaningful advisal regarding voluntary departure. The IJ adequately advised the group, at length, regarding potential eligibility for voluntary departure, and the IJ's subsequent direct inquiry of Defendant regarding his ability to depart "at his own expense" was not fundamentally unfair. *See Martinez-Valdez*, 322 F. App'x 507, 508 (9th Cir. 2009) (finding removal was not fundamentally unfair when IJ limited voluntary departure eligibility to those able to pay their own travel expenses and simply asked whether the defendant had the necessary funds); *but see United States v. Monje-Campos*, No. EDCR 18-00334 JGB, 2019 WL 7576679, at *4 (C.D. Cal. June 10, 2019) (finding IJ erred by limiting

inquiry to whether a defendant had the ability to pay). As Defendant fails to demonstrate that his removal was fundamentally unfair, his derivative argument that his appeal waiver was invalid necessarily also fails. Accordingly, Defendant's First Motion [20] is denied.

Finally, the Court denies Defendant's Third Motion [74], in which he challenges § 1326 on equal protection grounds. Section 1326 is a federal immigration-regulation statute meaning "[t]he scope of judicial inquiry . . . is exceedingly narrow." *United States v. Cupa-Guillen*, 34 F.3d 860, 862 (1994) (first alteration in original). Section 1326 satisfies the appropriately deferential standard—rational basis—because the "strong societal interest in controlling immigration . . . is furthered by enhancing punishment against persons who illegally enter the country." *See id.* at 863; *see also Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1185 (9th Cir. 2011) ("We review equal protection challenges to federal immigration laws under the rational basis standard and uphold them if they are rationally related to a legitimate government purpose." (internal quotation marks omitted)).

### III. CONCLUSION

As discussed above, the Court **GRANTS** the Government's Motion to Withdraw and Modify [72]; **MODIFIES** the Order denying Defendant's First Motion, as stated above [71]; and **DENIES** Defendant's Third Motion [74].

**IT IS SO ORDERED.**

October 8, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**